IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINAL RONALD HILL            *
            Plaintiff,
v.                                        *    CIVIL ACTION NO. ELH-15-2270

UNITED STATES NAVY, *et al.*     *
            Defendants.
                                        *****

MEMORANDUM

On August 4, 2015, Reginal Ronald Hill, a resident of Baltimore, filed a personal injury complaint against the United States Navy, Navy Personnel Command, and Navy World Wide Locator. Hill, who is self-represented, seeks $35,000,000.00 in damages, claiming that upon entering boot camp at the U.S. Naval base in Orlando, Florida on January 28, 1977, he and other crew members were inoculated "one after the other" with an "air-needle gun."[1]  ECF 1 at 2. He claims that "after a few years passed," he underwent a physical and found out that he had contracted the hepatitis C virus ("HCV"). Hill states that after being informed of this news it "dawned on [him]" that his blood became "contaminated by improper procedures" due to the improper sterilization of the air-needle and his inoculation in 1977. *Id.* Because he appears indigent, Hill's motion for leave to proceed in forma pauperis (ECF 2) shall be granted.

---

[1] It is believed that Hill is referring to a "jet injector" inoculation, a faster way to deliver vaccines. A jet injector uses high pressure to force a vaccine or other medication through a person's skin. Their speed made jet injectors very efficient, so many people could be vaccinated quickly. They were often used in the military. Although they were not pain-free, jet injectors did not involve needles. The result was less discomfort than a needle injection, and they caused less anxiety in people who were afraid of needles. *See* http://www.seattlepi.com/lifestyle/health/article/Ask-the-

This court is required to construe liberally complaints filed by self-represented litigants, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and to examine these complaints using a less stringent standard than those drafted by attorneys. *Id.; see also Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Cruz v. Beto,* 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson,* 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, (2007)).

However, pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted.[2] Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See*, *e.g.*, *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a non-prisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a

---

Mayo-Clinic-Whatever-happened-to-jet-1293851.php

[2] Title 28 U.S.C. Section 1915(e)(2)(B) provides:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
        (B) the action or appeal-
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

claim on which relief may be granted.  Although pleadings filed by a self-represented plaintiff are to be liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

To the extent that Hill alleges negligence on the part of federal employees who provided him an air-gun needle inoculation in 1977, the matter has been afforded generous construction as a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Under principles of sovereign immunity, the United States and its agencies may not be sued in tort except as permitted by the FTCA.  *See* 28 U.S.C. § 2679(b)(1); *see*, *e.g.*, *Salazar v. Ballesteros,* 17 F. Appx. 129, 130 (4th Cir. 2001) (explaining that the FTCA "immunizes federal employees who are sued for actions within the scope of [their] office or employment" and upon substitution of the United States as defendant, "allows the United States  to be sued for certain torts committed by its employees").  Under the FTCA, the federal government has waived its sovereign immunity to tort liability for the negligent or wrongful acts or omissions of its employees acting in the scope of their federal employment.  *See* 28 U.S.C. §§ 2671–2680.

The FTCA's limited waiver of sovereign immunity for damages against government tortfeasors is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed.  *See* 28 U.S.C. § 2675(a).  The FTCA further provides that a tort claim against the United States "shall be forever barred" unless (1) the claim is presented to the "appropriate Federal agency within two years after such claim accrues," and (2) the claim is brought to federal court "within six months" after the agency acts on the claim.  *See* 28

3

U.S.C. § 2401(b). A tort claim pursuant to the FTCA accrues when the plaintiff knows or reasonably should know of the existence and the cause of his injury. *See Gilbert v. United States,* 720 F.2d 372, 374 (4th Cir. 1983) (citing *United States v. Kubrick*, 444 U.S. 111, 118-25 (1979)).

Thus, before proceeding in federal court, Hill is required to submit timely written notification of the incident (accompanied by a sum certain claim for monetary damages) to the federal agency responsible for the activities giving rise to the claim.[3] *See* 28 C.F.R. § 14.2(a) and (b)(1). He may file an FTCA suit in federal court only after the agency denies his claim, and must do so within six months of the mailing of the denial. *See* 28 C.F.R. § 14.9(a). Hill does not indicate that he has presented his claim to the relevant federal agency.

The passage of time, however, is not necessarily a stumbling block to suit. Recently, the United States Supreme Court held that the time limitations under the FTCA are nonjurisdictional and subject to equitable tolling. *United States v. Kwai Fun Wong*, ___ U.S. ___, 135 S. Ct. 1625, 1629 (2015) ("[C]ourts may toll both of the FTCA's limitations periods."). "[E]quitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.' Indeed, the doctrine of equitable tolling is based on the view that a defendant should not be encouraged to engage in 'misconduct that prevents the plaintiff from filing his or her claim on time.'" *Kokotis v. United States Postal Service,* 223 F.3d 275, 280–81(2000) (quoting *English v. Pabst Brewing Co.,* 828 F.2d 1047, 1049 (4th Cir. 1987)).

---

[3] A claim is "presented" if it provides the Government with adequate notice to conduct a proper investigation into the underlying incident and places a "sum certain" on the claim's value. *See Mack v. United States*, JFM–00–2296, 2001 WL 179888, at *4 (D. Md. 2001) (citing *Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir. 1994)).

Hill has provided no information in his complaint regarding if and when he filed a tort claim with the appropriate federal agency, when he was diagnosed with HCV, and why all or a portion of the subsequent time period is subject to equitable tolling. He shall, therefore, be required to file a supplemental complaint[4] which provides this information and is cautioned that his failure to do so shall result in the dismissal of this complaint without further notice of the court.[5]

Date: August 12, 2015                               /s/
                                                    Ellen L. Hollander
                                                    United States District Judge

---

[4] When filing his supplemental complaint, Hill shall place the above-captioned case number in the caption of his pleadings.

[5] A decision on Hill's motion to appoint counsel (ECF 3) shall be stayed until further notice.