IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINAL RONALD HILL                *
        Plaintiff,
v.                                 *   CIVIL ACTION NO. ELH-15-2270

UNITED STATES NAVY, *et al*.       *
        Defendants.
                     *****

MEMORANDUM

On August 4, 2015, the self-represented plaintiff, Reginal Ronald Hill, submitted a personal injury complaint against the United States Navy, Navy Personnel Command, and Navy World Wide Locator. Hill sought $35,000,000.00 in damages, claiming that upon entering boot camp at the U.S. Naval base in Orlando, Florida on January 28, 1977, he and other crew members were inoculated with an "air-needle gun." ECF 1 at 2. He alleged that, "after a few years passed," he underwent a physical and found out that he had contracted the hepatitis C virus ("HCV"). Hill stated that after being informed of this news it "dawned on [him]" that his blood became "contaminated by improper procedures" due to the improper sterilization of the air-needle and his inoculation in 1977. *Id*.

On August 12, 2015, the court issued a Memorandum and Order (ECF 4; ECF 5) that generously construed the filing as an action under 28 U.S.C. § 1346(b), *i.e.*, a complaint under the Federal Tort Claims Act ("FTCA"), and granted Hill leave to proceed in forma pauperis. ECF 5. The Court also allowed Hill additional time to supplement his complaint in order to demonstrate that he: (1) first presented the claim to the appropriate Federal agency and (2) filed his complaint with this court in a timely manner. In addition, Hill was given the opportunity to

show that that the time limitations set out under the FTCA were subject to equitable tolling. ECF 4 & 5.

Hill filed a supplement, accompanied by supporting materials. ECF 6. He claims that had he been notified that he had contracted HCV in time, he would have been able to file his complaint sooner. *Id.* Hill seemingly alleges that had he not asked for a physical at the Department of Veteran's Affairs Medical Hospital, he would not have known about his having the HCV condition. However, the supplement does not provide any dates as to when Hill discovered that he had the HVC disease, nor does he discuss when or if he filed his administrative claim with the appropriate federal agency. *Id*.

According to the attachments to the supplement filed by Hill, he received notification of the HCV condition on or about July 20, 2011, some thirty-four years after the alleged 1977 inoculation. ECF 7-1 at 1. Further, it appears that on or about March 15, 2012, Hill filed an administrative tort claim, which was denied by the Department of Veteran's Affairs on April 10, 2012. ECF 7-1 at 13 & 17-18. In addition, on August 6, 2012, Hill filed an administrative claim with the Department of the Navy, which was denied on August 29, 2012. ECF 7 at 19-20. Hill's documentation shows that he sought reconsideration of the claim filed with the Navy and the Department of the Navy granted Hill's request for reconsideration as to the denial of his claim on February 20, 2013. ECF 7-1 at 21 & 25. Upon completion of review, however, the claim was finally denied on March 4, 2013. ECF 7 at 26-27.

Even were this court to generously construe Hill's allegations to assert that his claim accrued July 20, 2011, when he received notification of the HCV condition from the Veteran's Affairs Medical Hospital, he has not timely filed this FTCA complaint. At the latest, Hill's

2

administrative tort complaint was finally denied by the Department of the Navy on March 4, 2013. He had six months from that date to file his FTCA complaint and was notified of same by the Department of the Navy. *See* 28 U.S.C. § 2401(b). He did not so do, as he filed this complaint on August 4, 2015, over four years later. Further, he has provided no grounds for equitable tolling of the FTCA six-month filing deadline, as developed in *United States v. Kwai Fun Wong,* ____ U.S. ____, 135 S.Ct.1625 (2015). For these reasons the complaint shall be dismissed.[1]

An Order follows.

Date: November 16, 2015  /s/
Ellen L. Hollander
United States District Judge

---

[1] A decision on Hill's motion to appoint counsel was stayed. ECF 4, n. 5. In light of the decision of this court, the motion to appoint counsel shall be denied, as moot.