IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINAL RONALD HILL                         *
                Plaintiff,
   v.                                                  *   CIVIL ACTION NO. ELH-15-2270

UNITED STATES NAVY, *et al*.                *
                Defendants.
                                *****

MEMORANDUM

On August 4, 2015, Reginal Ronald Hill, a resident of Baltimore, submitted a personal injury complaint against the United States Navy, Navy Personnel Command, and Navy World Wide Locator. Hill sought $35,000,000 in damages, claiming that upon entering boot camp at the U.S. Naval base in Orlando, Florida on January 28, 1977, he and other crew members were inoculated "one after the other" with an "air-needle gun." ECF 1 at 2. Hill claimed that, "after a few years passed," he underwent a physical and found out that he had contracted the hepatitis C virus ("HCV"). Hill states that after being informed of this news it "dawned on [him]" that his blood became "contaminated by improper procedures" due to the improper sterilization of the air-needle and his inoculation in 1977. *Id*. On August 12, 2015, Hill's motion for leave to proceed in forma pauperis was granted. His negligence action was construed as a Federal Tort Claims Act ("FTCA") complaint and Hill was granted twenty-one days to supplement his complaint to address the administrative exhaustion requirements and the timeliness of his complaint under the FTCA. ECF 4 & 5.

On September 2, 2015, Hill filed a supplemental complaint and exhibits. ECF 6-1. This court reviewed the document and attachments and concluded that even if the court were to

generously construe Hill's submission as alleging that he received notification of his HCV condition in July 2011, when informed by the Veteran's Affairs Medical Hospital, and sought administrative review and reconsideration with federal agencies through March 2013, his August 2015 FTCA complaint was filed in an untimely manner and provided no grounds for the equitable tolling of the FTCA six-month filing deadline.  EFC 7.  The case was dismissed.  ECF 8

On November 30, 2015, Hill filed a motion for reconsideration.  ECF 9.  He asserts that the information he sent to the court was only based on the court's request for proof that he had filed an administrative claim with an agency.  *Id* at 2.  Hill contends that did not know of his HCV condition until he had obtained his physical from the Veteran's Affairs Medical Center and was "following up on some investigating of some investigations myself."  *Id*. at 3.  He argues that he would like to have his day in court, with the appointment of legal counsel.  *Id*.

## II. Discussion

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 471 n. 4 (4th Cir. 2011).  Judge Quarles explained in *Cross v. Fleet Reserve Ass'n Pension Plan,* Civ. No. WDQ–05–0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b).  *See* Fed. R. Civ. P. 59(e) & 60(b).  A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.  *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines,* 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley,* 988 F.2d 1, 2–3 (4th Cir.1992).

Hill's motion was filed within the 28-day time period. Therefore, it shall be analyzed under Rule 59(e).

A district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002). Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has recognized that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008); *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *see also Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

One purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.; see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995)). A losing party's "[m]ere disagreement [with a court's ruling] does not

3

support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac Ins. Co.,* 148 F.3d at 403 (citation omitted).

      Hill does not argue that there has been an intervening change in controlling law or newly discovered evidence. Instead, his motion seemingly raises a challenge to the court's conclusion that his FTCA is claim time barred. He seeks to be provided "his day in court." He does not, however, set forth any grounds under Rule 59(e) for reconsideration of the determination to dismiss his case. His motion for reconsideration will be denied by separate Order.

Date: March 4, 2016                                             /s/
                                                           Ellen L. Hollander
                                                           United States District Judge